UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA BYRNE, on behalf of herself, individually, and on behalf of all others similarly situated, | No. 17 CV 18 |
| Plaintiffs, | |
| v. | Magistrate Judge Young B. Kim |
| CENTEGRA HEALTH SYSTEM, | |
| | October 18, 2017 |
| Defendant. | |

ORDER CERTIFYING CLASS FOR SETTLEMENT
PURPOSES ONLY, GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, AND APPROVAL OF FLSA SETTLEMENT

The Court has reviewed the Parties' joint motion for preliminary approval of a class action settlement and has considered the Settlement Agreement and its exhibits, including the Notice of Proposed Settlement of Class and Collective Action Lawsuit and the Election to Opt Out of Settlement and Class Action form, as well as the individual settlement agreement executed by Named Plaintiff Laura Byrne, along with the submissions of counsel, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement, and filed with the Court, falls within

the range of reasonableness and, therefore, meets the requirements for preliminary approval.

3. This Court grants preliminary approval of the Parties' FLSA Collective Action Settlement.

4. This Court grants preliminary approval of the Parties' Class Action Settlement.

5. This Court finds that the proposed Settlement Class is proper and should be certified. For purposes of the proposed settlement, the Settlement Class is certified pursuant to Fed. R. Civ. P. 23 as follows:

> All individuals employed by Defendant as Home Health Department Field Clinicians (defined as registered nurses, physical therapists, occupational therapists, and speech pathologists) during the period January 3, 2014, through September 30, 2016 (the "Class Period"), who were classified as exempt, and whom Named Plaintiff contends were paid on a hybrid "per visit" and hourly basis and were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks.

6. This Court specifically finds for purposes of this settlement that: (i) the class is so numerous that joinder is impracticable; (ii) common questions of fact and law exist; (iii) the Named Plaintiff's claims are typical of the class claims; and (iv) the Named Plaintiff will be able to fairly and adequately protect the interests of the Settlement Class. In addition, this Court finds for purposes of this settlement that common questions of fact and law predominate over questions affecting individual class members, and the class action is superior to other available methods of adjudication. Certification of the Settlement Class for settlement purposes is the best means for protecting the interests of all Settlement Class Members.

7. This Court appoints the attorneys from Stephan Zouras, LLP as Class Counsel and Named Plaintiff Laura Byrne as Class Representative.

8. The Notice to be provided as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and of the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Federal Rule of Civil Procedure 23, due process, the Constitution of the United States, the laws of the State of Illinois, and all other applicable laws. The Notice is accurate, objective, and informative and provides members of the Settlement Class with all of the information necessary to make an informed decision regarding their participation in the settlement and its fairness.

9. The Notice of Proposed Settlement of Class and Collective Action Lawsuit, attached to the Settlement Agreement as Exhibit 3, including the Election to Opt-Out of Settlement and Class Action, are approved. Class Counsel is authorized to mail those documents to the Settlement Class Members as provided in the Settlement Agreement.

10. Any written objection to the settlement must be submitted to the Court no later than sixty (60) days after the Class Notice is mailed to the Class Members.

11. This Court preliminarily approves an award of attorneys' fees, litigation costs, and settlement administration expenses to Class Counsel of $153,000.00.

12. The Individual Settlement Agreement and Release, attached to the Settlement Agreement as Exhibit 2, is approved.

13. In the event that the Effective Date does not occur, or the Settlement Agreement is nullified or otherwise does not come into effect as set forth therein, the settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever. In such case, nothing in the Settlement Agreement or this Order, or the Parties' motion for preliminary approval submissions, shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this action or any other matter.

14. The Court will conduct a Final Approval Hearing on January 29, 2018, at 11:00 a.m. to determine the overall fairness of the settlement. The Final Approval Hearing may be continued without further notice to Settlement Class Members. The Class Representative and Defendant shall file their motion for approval of the settlement, and Class Counsel shall file their motion for attorneys' fees, costs and expenses (which will be unopposed provided it is consistent with the Settlement Agreement), and the Class Representative Service Payments on or before January 22, 2018.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**

4