UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA BYRNE, on behalf of herself, individually, and on behalf of all others similarly situated, | )<br>)  No. 17 CV 18<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )  Magistrate Judge Young B. Kim<br>) |
| CENTEGRA HEALTH SYSTEM, | )<br>)  January 29, 2018 |
| Defendant. | ) |

**FINAL APPROVAL ORDER**

On January 29, 2018, the court heard the Parties' Joint Motion for Final Approval of Class Action Settlement and Final Approval of FLSA Collective Action Settlement. The court has considered the motion and other related materials submitted by the Parties, as well as the Parties' presentation at the hearing on final approval, and otherwise being fully informed on the premises, hereby finds and orders as follows:

1. This court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and § 216(b) of the Fair Labor Standards Act ("FLSA") and has supplemental jurisdiction over Plaintiffs' Illinois Minimum Wage Law ("IMWL") claims pursuant to 28 U.S.C. § 1367(a), including jurisdiction over all members of the Settlement Class.

2. The court finds that there is a bona fide legal dispute between the Parties as to whether Class Members were correctly classified as exempt for

overtime purposes and whether Class Members are owed any overtime compensation.

3. The court grants final approval of the settlement memorialized in the Confidential Class and Collective Action Settlement Agreement and Release filed with the court.

4. The court finds that the settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The court finds that: (a) the strength of Plaintiffs' case on the merits weighed against Defendant's defenses, and the complexity, length, and expense of further litigation, support approval of the settlement; (b) the Total Settlement Payment Amount of $425,000 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the claims; (c) the settlement was reached pursuant to arm's-length negotiations between the Parties; (d) the support for the settlement expressed by Class Counsel and counsel for Defendant, both of whom have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the settlement; (e) the absence of any objections to the settlement by Class Members supports approval of the settlement; and (f) the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the settlement.

5. The court approves the settlement as a final, fair, reasonable, adequate, and binding release of the claims of the Named Plaintiff, FLSA Opt-In

Plaintiffs, and the Settlement Class Members as provided in the Settlement Agreement and bars any further claims released by Settlement Class Members who have not opted out of the settlement, except for claims under the FLSA, which are deemed released when a Settlement Class Member endorses his or her settlement check.

6. The Notice of Proposed Settlement of Class and Collective Action Lawsuit ("Class Notice") and Election to Opt Out of Settlement and Class Action Form (collectively, "Notice Materials"), sent to the Class Members via first class mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the settlement was approved, their right to request exclusion from the settlement and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice Materials also adequately informed the Class Members of the address to contact both Class Counsel and Defendant's Counsel. Thus, the court finds that the Notice Materials provided to the Class satisfied the requirements of Rule 23(c)(2)(B) and the FLSA.

7. This court hereby dismisses the case in its entirety without prejudice and without awarding costs to the Parties except as provided in the Settlement Agreement, and approves the settlement and releases set forth in the Settlement Agreement. Unless the case is reinstated, or a motion to reinstate is pending, by May 11, 2018, this dismissal will be with prejudice without any further order of the court on May 12, 2018.

3

8. The court shall retain jurisdiction solely for the purpose of administering and enforcing the terms of the Settlement Agreement.

**ENTER:**

_____
Young B. Kim
United States Magistrate Judge

4